UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| CHAD COOPER | CIVIL ACTION NO. 18-0861 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| MEDICAL STAFF NURSES, ET AL. | MAG. JUDGE KAREN L. HAYES |

**REPORT AND RECOMMENDATION**

Plaintiff Chad Cooper, a detainee at Concordia Parish Correctional Facility I proceeding pro se and in forma pauperis, filed the instant proceeding on June 28, 2018, under 42 U.S.C. § 1983. He names Franklin Parish Detention Center and "Sheriffs Dept. Franklin Parish" as Defendants.[1] For the following reasons, it is recommended that Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

**Background**

Plaintiff alleges that, on May 25, 2017, at the Franklin Parish Detention Center ("FPDC"), he was removed from a cell in which he had a bottom bunk and relocated to another cell where he had to sleep on a mattress placed on a concrete floor. [doc. #s 1, p. 3; 11, pp. 1-2]. He writes that he has a "back condition in the lumbar area" or, more specifically, a "ruptured L1 and L2 disc and [a] sciatica condition . . . ." *Id.* Medical records reveal that, in October of 2015, a physician diagnosed him with "sciatica, right side" and "Spondylosis without myelopathy or radiculopathy, lumbosacral region." [doc. #s 5, p. 2; 11-1, p. 4]. According to Plaintiff, "[M]edical knew of [his] condition but refuse[d]" to ensure that he received an elevated bed.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

[doc. # 1, p. 3].

Plaintiff filed an administrative remedy grievance on June 7, 2017, in which he asked for a bottom bunk due to his back problems, stated, "the nurse knows about my condition [and] should automatically place me in a bottom bunk," and complained that his back was in "a lot of pain due to the concrete . . . ." [doc. # 11-1, p. 8]. On June 9, 2017, Assistant Warden Michael Emfinger responded: "Ask[ed] nurse about your back and she stated you do not have a back problem. Have noticed you can't live in dorm which leaves a holding cell which I can't promise a bed in. Try living in dorm [sic]." *Id.*

Plaintiff filed a second grievance on June 7, 2017, repeating his request for a bottom bunk and complaining that water from the "shower area" leaked on his mattress and blanket, dirt from the floor flew in his eyes when others walked by, and his cell contained mice, insects, and mold. *Id.* at 10. Assistant Warden Emfinger responded on June 9, 2017: "As with the previous 6 ARP you wrote you can't live in dorm you tell us, so holding cell is next option I can't promise a bed. Try living in dorm [sic]."[2] *Id.*

On June 8, 2017, before any official responded to Plaintiff's first and second grievance, Plaintiff filed a third grievance, alleging that he received no response to a "sick call form" he filed earlier that day. *Id.* at 9. In his "sick call form," to which he did not receive a response, he reiterated that he had pain in his lower back and needed a bottom bunk. *Id.* Assistant Warden Emfinger answered the June 8, 2017 grievance the next day, but he declined to address Plaintiff's concerns because Plaintiff did not file the grievance with the required "pink copy" or "sheet to

---

[2] Plaintiff maintains that he cannot live in a dorm because it gives him headaches and "put[s] his blood pressure in stroke stage . . . ." [doc. # 11, p. 2]. He can control his blood pressure "in lockdown." *Id.*

2

answer." *Id.*

Plaintiff was detained at FPDC from July 27, 2016, to June 11, 2017. [doc. # 11, p. 2].

Plaintiff claims that FPDC is responsible for his injuries because: (1) its medical staff told Assistant Warden Emfinger that Plaintiff did not have any back injuries and (2) the medical staff refused to answer his request for care. *Id.* at 3. He claims further that FPDC and "Sheriffs Dept. Franklin Parish" are responsible for his overall conditions of confinement, and that Assistant Warden Emfinger is responsible for failing to consider his June 8, 2017 grievance. *Id.*

Plaintiff's "back condition has worsened," he "can't stand for long periods," his hips hurt more often, his leg "goes numb," and his feet feel "like they're being touched by needles." *Id.* He seeks $5,000.00 for his pain and suffering. *Id.* at 1, 3.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a detainee who has been permitted to proceed in forma pauperis. As a detainee seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116,

1120 (5th Cir. 1986).

### 2. Entities Not Amenable to Suit

Plaintiff names Franklin Parish Detention Center and "Sheriffs Dept. Franklin Parish" as Defendants. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership." LA. CIV. CODE art. 24.

Here, neither Defendant qualifies as a juridical person. See *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued . . . ."); *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988); *Liberty Mutual Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So. 2d 236 (La. Ct. App. 1977). Accordingly, Plaintiff's claims against them should be dismissed.

### 3. Responding to Grievances

Plaintiff does not name Assistant Warden Emfinger as a Defendant, but he does suggest that Emfinger is responsible for failing to consider one of his grievances. [doc. # 11, p. 3]. Prisoners, however, do not have a constitutionally protected right to a grievance procedure. *Chambers v. Roy*, 2010 WL 5621283, at *2 (E.D. Tex. Nov. 10, 2010). In *Sandin v. Conner*, 515 U.S. 472, 474 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. See also *Taylor v. Cockrell*, 92 Fed. App'x. 77, 78 (5th Cir. 2004) (holding that "claims that the defendants violated his constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) ("[The plaintiff] does not have a

federally protected liberty interest in having . . . grievances resolved to his satisfaction. . . . [A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Here, accordingly, Plaintiff's claim should be dismissed.

### 4. Medical Care

Plaintiff claims that he did not receive an elevated bed, but he does not name a proper Defendant. Even if he did, he does not state a claim on which relief can be granted.

Plaintiff "must demonstrate that a government official was deliberately indifferent to 'a substantial risk of serious medical harm.'" *Bailey v. E. Baton Rouge Par. Prison*, 663 F. App'x 328, 330 (5th Cir. 2016) (quoting *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000)). A prison official acts with deliberate indifference to an inmate's health "only if he knows that [the] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); see *Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying *Farmer* to a denial of medical care claim). A plaintiff must establish that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

"[N]either an incorrect diagnosis nor the failure to alleviate a significant risk that should have been perceived, but was not, is sufficient to establish deliberate indifference." *Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016). "Unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. Moreover, a delay in treatment is

6

not unconstitutional, unless there has been deliberate indifference that results in substantial harm. In short, [d]eliberate indifference is an extremely high standard to meet." *Id.* (internal quotation marks and quoted sources omitted); see *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference."); *Frazier v. Keith*, 707 F. App'x 823, 824 (5th Cir. 2018) ("The choice between forms of treatment is a classic example of a matter of professional judgment and does not support a finding of deliberate indifference.").

Here, Plaintiff filed two administrative remedy grievances on June 7, 2017, seeking a bottom bunk to alleviate pain in his back. In the first, he stated, "the nurse knows about my condition [and] should automatically place me in a bottom bunk." [doc. # 11-1, pp. 8, 10]. On June 9, 2017, Assistant Warden Michael Emfinger responded: "Ask[ed] nurse about your back and she stated you do not have a back problem. Have noticed you can't live in dorm which leaves a holding cell which I can't promise a bed in. Try living in dorm [sic]." *Id.*

To the extent Plaintiff suggests that Emfinger is responsible for failing to relay his request for a bottom bunk to a medical professional or otherwise ensure that he received a bottom bunk, he fails to state a plausible claim. Emfinger simply accepted the advice of a medical professional in concluding that Plaintiff did not suffer from back problems and did not require a bottom bunk. See *Kadlec v. Garcia*, 273 F.3d 392 (5th Cir. 2001) (holding that prison officials' decisions to abide "by the medical personnel's instructions" to "refuse to provide [the inmate] with a handicap shower[]" did not reflect deliberate indifference). Moreover, Emfinger even suggested an alternative: that Plaintiff sleep in the dorm where elevated beds are available. While Emfinger's suggestion may not have been practicable—as Plaintiff claims that dorm life presents

7

different complications—his response does not reflect deliberate indifference.[4]

To the extent Plaintiff suggests that an unidentified nurse is responsible for misinterpreting, or failing to review, his medical records, he does not state a plausible claim. The nurse did not refuse to treat him, ignore his complaints, or intentionally treat him incorrectly. Instead, Plaintiff's ostensible claim sounds in negligence: Plaintiff intimates that the nurse *should have* recognized his back injuries or *should have* obtained his medical records. Acts of negligence do not constitute deliberate indifference.

Plaintiff fares no better insofar as he faults the unidentified nurse for delaying care. He appears to claim that the nurse refused to respond to the request for an elevated bed that he submitted on June 8, 2017. However, he was transferred away from FPDC shortly thereafter, on June 11, 2017, leaving little time for the unidentified nurse to ameliorate the challenged condition.[5] This short delay does not reflect deliberate indifference.[6] Moreover, while Plaintiff complains of generalized pain, he does not allege that he suffered *substantial* harm. *Galvan v. Calhoun Cty.*, 719 F. App'x 372, 374 (5th Cir. 2018) (recognizing that, to establish liability based on a delay in treatment, a plaintiff must show deliberate indifference to serious medical

---

[4] Insofar as Plaintiff faults Emfinger for his response to Plaintiff's June 8, 2017 grievance, in which Emfinger declined to address the substance of Plaintiff's request, Plaintiff fails to state a plausible claim. Even assuming Emfinger ignored the request, Emfinger responded to the same request the previous day.

[5] See *Jones v. St. Landry Par. Prison*, 2010 WL 3724325, at *4-5 (W.D. La. July 23, 2010) (denying a claim, in part, because "there was insufficient time for the prison to correct the alleged deficiency as plaintiff was transferred . . . one month later.").

[6] The undersigned is of the opinion that a mattress on the floor poses no more of a risk of harm to Plaintiff than a mattress on a bottom bunk. In other words, it is unlikely that the mattress on the floor posed a *substantial* risk of *serious* harm. Nevertheless, the claim is at least plausible when construed in Plaintiff's favor.

needs that resulted in substantial harm); c.f. *Galvan v. Calhoun Cty.*, 719 F. App'x 372 (5th Cir. 2018) (holding that an inmate stated a claim where he alleged that his repeated requests to be taken to the hospital for *severe, life-threatening* pain went unanswered by prison officials for several days).

Accordingly, the foregoing claims concerning inadequate medical care should all be denied.

**5. Conditions of Confinement**

The Due Process Clause of the Fourteenth Amendment prohibits the punitive confinement of a pretrial detainee because, by definition, the guilt of a detainee has not been adjudicated. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). To determine the applicable analysis, courts must first classify the challenge as either an attack on a "condition of confinement" or as an "episodic act or omission." *Flores v. County of Hardeman, Tex.*, 124 F.3d 736, 738 (5th Cir. 1997). The former is a challenge to the "general conditions, practices, rules, or restrictions of pretrial confinement." *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644 (5th Cir. 1996). In contrast, an "episodic act or omission" claim concerns a particular act or omission of one or more officials, and it focuses on "whether [the] official breached his constitutional duty to tend to the basic human needs of persons in his charge." *Id.* at 645.

Here, Plaintiff does not complain of general, widespread conditions, practices, rules, or restrictions; rather, he complains of episodic acts or omissions: (1) the order to place his mattress on the ground and (2) unsanitary conditions in his cell alone.[7] Thus, "[t]he relevant question

---

[7] See *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 526 (5th Cir. 1999) (characterizing the plaintiff's claims concerning two detention officers' failure to take better care of her and a third officer's failure to medically screen her as episodic omissions).

becomes whether [the] official breached his constitutional duty to tend to the basic human needs of persons in his charge . . . ." *Estate of Henson v. Wichita Cty., Tex.*, 795 F.3d 456, 463 (5th Cir. 2015) (internal quotation marks and quoted source omitted).

"A jail official violates a pretrial detainee's constitutional right to be secure in his basic human needs only when the official had subjective knowledge of a substantial risk of serious harm to the detainee and responded to that risk with deliberate indifference. In other words, the state official must know of and disregard an excessive risk to inmate health or safety. [T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (internal quotation marks and quoted sources omitted).

Here, Plaintiff again fails to name a proper defendant. Even assuming he did, he does not state a claim of constitutional dimension.

First, Plaintiff does not allege that any official knew of an excessive risk to his health or safety when he was ordered to place his mattress on the floor. Second, Plaintiff was not deprived of a basic human need or a minimal civilized measure of life's necessities. His claim is, at bottom, that his mattress was not elevated, but the Constitution does not require elevated beds for prisoners.[8] See *Gaines v. McDonald*, 577 F. App'x 335, 336 (5th Cir. 2014) ("There is no

---

[8] That Plaintiff later experienced pain as a result of his medical condition does not change this result. The moment the official ordered Plaintiff to sleep on a mattress placed on the floor, Plaintiff had yet to request a bottom bunk and no medical professional found such an accommodation necessary. See *Walcott v. Terrebonne Par. Consol. Gov't*, 2017 WL 6374640, at *6 (E.D. La. Sept. 22, 2017), report and recommendation adopted, 2017 WL 6344149 (E.D. La. Dec. 12, 2017) (dismissing the plaintiff's claim that he had to sleep on a mattress on the floor as frivolous and noting that the result was not changed by the plaintiff's medical problems because he did not request "a bunk as a form of medical accommodation from the jail medical authorities," and the medical staff did not find that a bunk was necessary).

authority holding that a prisoner has a constitutional right to sleep in an elevated bed."); *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986) (reasoning that the plaintiff "has cited no case holding that the Constitution requires elevated beds for prisoners, and we know of no source for such a right.").

Next, Plaintiff alleges that water from a nearby shower leaked on his mattress and blanket, dirt from the floor flew into his eyes when others passed his cell, and his cell contained mice, insects, and mold. While he does not allege how often he experienced these conditions, he does state that he was forced to sleep on the floor-level mattress for approximately seventeen days (May 25, 2017, to June 11, 2017).

"[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions." *Talib v. Gilley*, 138 F.3d 211, 215 (5th Cir. 1998). Nor does it "require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be." *McAllister v. Strain*, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009). Serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences." *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982). Jails must only provide reasonably adequate sanitation. *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986).

Here, the alleged unsanitary conditions, even considered with Plaintiff's lack of an elevated mattress, do not amount to a constitutional violation. Compare *Gates v. Cook*, 376 F.3d 323, 338 (5th Cir. 2004) (finding that "extremely filthy" cells with "crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls . . . would present a substantial risk of serious harm . . . ."), with *Davis v. Scott*, 157 F.3d 1003 (5th Cir. 1998) (holding that confinement for three days in a cell with "blood on the walls and excretion on the

11

floors and bread loaf on the floor" did not amount to a deprivation of the "minimal civilized measure of life's necessities.").[9]

Moreover, Plaintiff seeks only compensatory damages, yet he fails to allege that he suffered the requisite physical injury. While he does allege that he suffered pain from sleeping on the floor-level mattress, he does not allege that the remaining, unsanitary conditions contributed to his pain or caused any additional injury. Plaintiff may not, therefore, recover compensatory damages for any mental or emotional injuries stemming from the unsanitary conditions.[10] See 42 U.S.C. § 1997e(e).[11]

Accordingly, Plaintiff's conditions of confinement claims should be dismissed.

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Chad Cooper's claims

---

[9] In addition, courts have repeatedly held that the presence of mold and dampness does not render confinement unconstitutional. *Eaton v. Magee*, 2012 WL 2459398, at *5 (S.D. Miss. June 27, 2012); *Barnett v. Shaw*, 2011 WL 2200610, at *2 (N.D. Tex. May 18, 2011); *Reynolds v. Newcomer*, 2010 WL 234896, at *10 (W.D. La. Jan. 19, 2010).

[10] See *Callicutt v. Panola Cty. Jail*, 200 F.3d 816 (5th Cir. 1999) (finding that a prisoner failed "to show any injury as a result of sleeping" on a "thin, blood-and-urine stained mattress that was infested with lice . . . ."); *Herman v. Holiday*, 238 F.3d 660 (5th Cir. 2001) (holding that an inmate was precluded from recovering emotional or mental damages because he failed to allege physical injury resulting from cold showers, cold food, unsanitary dishes, insect problems, lack of adequate clothing, and the presence of an open "cesspool" near his housing unit); *Alexander v. Tippah Cty., Miss.*, 351 F.3d 626 (5th Cir. 2003) (holding that two prisoners alleging that their cell was unsanitary could not recover for mental or emotional damages because they alleged only nausea, which did not exceed de minimis physical injuries).

[11] See also *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) ("[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury.").

be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief can be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 24th day of August, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE